Citation Nr: 1550139 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 12-31 417 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for chronic obstructive pulmonary disease (COPD) to include as secondary to posttraumatic stress disorder (PTSD).


ATTORNEY FOR THE BOARD

A.P. Armstrong, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1965 to May 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky. The Board previously considered and remanded this issue in December 2013 and February 2015. The Board obtained an additional medical opinion from an expert in November 2015.


FINDINGS OF FACT

The evidence shows that the Veteran developed COPD due to PTSD-related cigarette smoking.


CONCLUSION OF LAW

The criteria for service connection for COPD have been met. 38 U.S.C.A. §§ 1110, 5103, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As the Board grants the benefits sought on appeal, the Veteran cannot be prejudiced and discussion of compliance with the Veterans Claims Assistance Act and implementing regulations is not necessary.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Alternatively, service connection may be granted on a secondary basis for a disability that is proximately due to (caused) or permanently worsened beyond its natural progression (aggravated) by a service-connected disease or injury. Allen v. Brown, 7 Vet. App. 439, 448-49 (1995) (en banc); 38 C.F.R. § 3.310.

Statutes and regulations prohibit direct or secondary service connection for disabilities which are due to use of tobacco products during service. 38 U.S.C.A. § 1103; 38 C.F.R. § 3.300. However, where the disability is due to smoking that is related to a service-connected disease, secondary service connection is available. The primary condition cannot itself be due to tobacco usage. VAOPGCPREC 6-2003.

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). When there is an approximate balance of positive and negative evidence regarding any material issue, all reasonable doubt will be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.

The Veteran is competent to report symptoms and experiences observable by his senses, and the Board finds the Veteran's statements credible as he has been detailed and generally consistent. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). 

The Board reviewed the evidence and finds that the criteria for service connection for COPD have been met. See 38 C.F.R. § 3.303.

The evidence shows current COPD. The January 2014 examiner diagnosed COPD beginning in 2003. Medical records from the Social Security Administration show COPD treatment as early as 2007.

The Veteran reported that he increased smoking as a way to calm down while in Vietnam. See January 2014 examination. His DD-214 shows he was awarded the Purple Heart and served during the Vietnam conflict. He continued smoking after service to cope with his service-connected PTSD. The Veteran began smoking around 1962 and quit smoking in 2007. He smoked two packs per day for approximately 45 years. Based on his history, the Veteran smoked for about three years prior to service and 42 years during and after service. The VA examiners and medical expert agree that smoking caused the Veteran's COPD. 

In November 2015, the medical expert concluded that the Veteran would have been as likely to develop COPD in the absence of PTSD if he continued smoking. 
However, the expert also cited medical literature suggesting that the diagnosis of PTSD is associated with prevalence and severity of tobacco abuse, higher rates of failed tobacco cessation, and higher rates of relapse after cessation. He found enough reason to conclude that the Veteran's PTSD aggravated COPD by increased cigarette smoking. It is noted that ninety-three percent of the Veteran's smoking occurred during and after events of service and PTSD. Therefore, a significant majority of the smoking that led to COPD happened as the Veteran coped with PTSD. There is no way for the Board to know whether the Veteran would have continued to smoke if he had not had PTSD. The expert opined that PTSD likely increased the Veteran's smoking and made it harder for him to stop smoking. Viewing the evidence in the light most favorable to the Veteran, the Board finds that PTSD caused him to continue to smoke for 42 years, and the long history of smoking caused COPD. Thus, service connection is established on a secondary basis. See 38 C.F.R. §§ 3.102, 3.303, 3.310. 


ORDER

Service connection for COPD is granted.



____________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs